384 So.2d 1290 (1980)
STATE of Florida, Appellant,
v.
Robert LAWLER, Appellee.
No. 79-394/T2-16.
District Court of Appeal of Florida, Fifth District.
May 21, 1980.
Rehearing Denied June 30, 1980.
*1291 Jim Smith, Atty. Gen., Tallahassee, and Jackson O. Brownlee, Asst. State Atty., Inverness, for appellant.
Michael H. Hatfield, Umatilla, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order dismissing an information and a criminal case under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Under this rule an accused may set out the facts of the case against him and plead that the facts do not set out a prima facie case of guilt. The state may either demur or traverse the facts. The trial court, whether the state responds or not, must consider the motion and any response and decide whether the facts constitute a prima facie case of guilt. If the undisputed facts do not establish a prima facie case of guilt, then the court must dismiss the information. However, if the undisputed facts do set out a prima facie case or if material facts are in dispute, then the court must not dismiss the information.
From the appellee's Motion to Dismiss:
3. The undisputed facts are as follows:
a. The arrest of the Defendant took place at least two hundred sixty yards from the position of a large vessel and a bus found to have contained approximately twenty tons of cannabis.
b. The Defendant was found lying face down in some bushes approximately twenty minutes after the vessel had been boarded by officers of the Florida Marine Patrol. Two gun shots had been fired. The Defendant offered no resistance and made no statement to the arresting officer. He did not try to flee or escape. The State can not prove that the Defendant had any controlled substance in his actual possession at the time of his arrest. The arresting officer has given sworn testimony that, in his opinion, the Defendant violated no law of the State of Florida, either a felony or misdemeanor, in his presence and was arrested only because there was alleged to have been a major felony committed approximately two hundred sixty yards away from the Defendant and there were allegedly some unidentified persons seen running from the the vessel where the contraband was located. The Defendant has not been identified as any of the persons who allegedly fled the area where the contraband was confiscated.
c. The State can produce no witness who will testify that the Defendant had in his actual possession an amount of cannabis exceeding even five grams.

*1292 d. The State can not produce any witness who will testify that on February 2, 1978, the Defendant ever came within two hundred fifty yards of the location of the alleged contraband.
e. The State can not produce any witness who will testify that this Defendant ever saw any of the contraband for which he is being prosecuted.
f. The State's expert witness will testify that there were no fingerprints matching those of the Defendants (sic) upon any items of contraband in this case and those fingerprints found upon tangible movable items could have been placed upon the items months before the Defendant's arrest on the 2nd of February, 1978. The exception to this statement is one fingerprint upon a Miami Herald taken from a Blue Wayne Bus.
g. Over three hundred latent prints were processed from the scene which have not been associated with any person charged in this incident.
h. The Blue Wayne Bus aforementioned was parked in this area used for public camping and there is no evidence that the Blue Wayne Bus, in which Defendant's fingerprints were found, contained any controlled substance in violation of Florida Statute.
i. The sole connection between the Blue Wayne Bus and the alleged felony is its location near other vehicles alleged to be associated with the felony in progress.
j. This is a case of joint constructive possession in an area not in his exclusive possession.
Without going through all the facts exhaustively, we have determined there are enough to establish a prima facie case of guilt. The accused was found within two hundred sixty yards of a vessel and a bus which contained twenty tons of cannabis and the accused's fingerprints were on some things, one of which was a newspaper in the bus. While the motion is rather inconsistent, apparently the accused was found in actual possession of less than five grams. In paragraph 3b it says "The State cannot prove that the Defendant had any controlled substance in his actual possession at the time of his arrest." Paragraph 3c says no witness will testify he had "an amount of cannabis exceeding even five grams." We do not attribute this to poor draftsmanship but to evasiveness.
There are enough facts in the motion to establish a prima facie case under the Rule 3.190(c)(4) requirements. The failure of the state to demur or traverse is not material in this case. State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971).
The order of dismissal is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.