386 So.2d 583 (1980)
STATE of Florida, Appellant,
v.
Jerry L. WRIGHT, Appellee.
No. 79-2379.
District Court of Appeal of Florida, Fourth District.
July 16, 1980.
Rehearing Denied August 27, 1980.
Michael J. Satz, State's Atty., and Patti Englander, Asst. State's Atty., Fort Lauderdale, for appellant.
Donald A. Wich, Jr., of Sullivan, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellee.
PER CURIAM.
Appellee, charged with committing an armed robbery, filed a sworn motion to dismiss. The state filed the following traverse to the motion:
1. The State specifically denies that there are no material disputed facts in this case.
2. The State specifically denies paragraph two (2) of Defendant's Sworn Motion to Dismiss and further states and alleges that paragraph two (2) is a self-serving statement and that the question of intent is a factual question for jury determination.
3. The State specifically denies paragraph three (3) and further states and alleges that Defendant was a participant in the robbery and did flee with the Co-Defendant after the robbery took place. The State further alleges that paragraph three (3) is a factual question for jury determination.
4. The State specifically denies paragraph four (4) of Defendant's Sworn Motion to Dismiss.
The trial court granted the motion to dismiss and this appeal ensued.
We reverse the order granting the motion to dismiss. Rule 3.190(d) of the Florida *584 Rules of Criminal Procedure requires only that the traverse deny, with specificity, the material facts alleged in the motion to dismiss. Here the material facts stated in the motion to dismiss are specifically denied. "If material factual allegations of a (c)(4) motion are denied or disputed in the traverse, denial of the motion to dismiss is mandatory." State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980).
The order is therefore reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
DOWNEY, BERANEK and HERSEY, JJ., concur.