399 So.2d 49 (1981)
The STATE of Florida, Appellant,
v.
Anthony HORNE, Appellee.
The STATE of Florida, Appellant,
v.
Johnny YOUNG, Appellee.
Nos. 80-1527, 80-1976.
District Court of Appeal of Florida, Third District.
May 20, 1981.
*50 Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., for the State in Case No. 80-1527.
Brown, Huysman & Matthews and Michael J. Wrubel, Miami, for Anthony Horne.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for the State in Case No. 80-1976.
James P. Ryan, North Miami, for Johnny Young.
Before SCHWARTZ and NESBITT, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
PER CURIAM.
These cases, which we dispose of in a single opinion, are state appeals of orders dismissing criminal informations upon the granting of sworn motions filed under Fla. R.Crim.P. 3.190(c)(4). Egregious error has been presented and both orders are reversed.
In each case,[1] the record before us clearly shows both (a) that the sworn motion did not itself demonstrate that "the undisputed facts do not establish a prima facie case of guilt against the defendant" so that dismissal would not be justified even if the state had merely demurred or not responded at all to the motion,[2] and (b) that, in fact, the prosecution filed an appropriate sworn traverse which, under Fla.R.Crim.P. 3.190(d), mandatorily required that the motion be denied.[3] While it is indeed regrettable that it is appropriate so to characterize the rulings below, they may thus be regarded only as embodying inexplicable and totally unjustified failures or refusals to follow the law. They are therefore reversed for reinstatement of the informations and further consistent proceedings.
In order to minimize the delay in the prosecution of these cases which has already unwarrantedly occurred, no motions for rehearing will be entertained and the mandates shall issue forthwith.
Reversed and remanded.
NOTES
[1] Horne is an armed robbery case. The defendant was discovered hiding under a bed after escaping, in a hail of gun fire, from a fast food establishment which  along with an unknown coperpetrator who was not apprehended  he had held up while wielding a handgun. The sworn motion was based on an affidavit by Horne that the accomplice had been a hitchhiker whom he had picked up shortly before the robbery and who had "coerced" him to commit the crime at the point of a gun. The dismissal was apparently based on the conclusion that the accomplice had disappeared, and that the state could not therefore rebut this "explanation," which was thus to be accepted as a matter of law notwithstanding that the circumstances of the offense showed completely to the contrary. It is unnecessary to dwell upon the unsupportability of this ruling.

In Young, the defendant was arrested soon after the burglary of a retail store. The sworn motion was based on the contention that the officers who observed the offenders inside and coming out of the store supposedly could not then identify Young as one of the burglars. The depositions of the officers, which were relied upon, do not support that assertion. Moreover, the motion does not even suggest that the identity issue is "undisputed," as required to support a "(c)(4)" motion. Finally, the state's traverse specifically stated that the officers in question could and would identify the defendant.
[2] E.g., State v. Alford, 395 So.2d 201, 202 (Fla. 4th DCA 1981); State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981), and cases cited; State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980), and cases cited; State v. Lawler, 384 So.2d 1290 (Fla. 5th DCA 1980).
[3] State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980).