432 So.2d 633 (1983)
STATE of Florida, Appellant,
v.
Jesus BLANCO, Lazaro Estevez and Angel Estevez Quintero, Appellees.
No. 82-1756.
District Court of Appeal of Florida, Third District.
May 31, 1983.
*634 Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Emilio de la Cal, Miami and Nathaniel L. Barone, Jr., South Miami, for appellees.
Before HENDRY, HUBBART and JORGENSON, JJ.
PER CURIAM.
The final order dismissing the information in this cause under Fla.R.Crim.P. 3.190(c)(4) is reversed and the cause is remanded for further proceedings. Our review of the record indicates that the state filed a traverse to the defendants' sworn motions to dismiss under Fla.R.Crim.P. 3.190(c)(4) wherein the state averred at the outset:
"The State specifically denies that the material facts as presented in the Defendant's Sworn Motion to Dismiss are the only facts upon which the State would rely during the State's case in chief."
It follows, given this traverse, that the trial court did not have before it all the material undisputed facts in the case and, accordingly, had no basis to conclude, as it did, that the material undisputed facts of the case did not establish a prima facie case of guilt against the defendant.
The court stated in State v. Upton, 392 So.2d 1013, 1015 (Fla. 5th DCA 1981), as follows:
"The function of a `(c)(4)' motion to dismiss is to ascertain whether or not the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt of the accused."
It is clear that where, as here, the facts as alleged in the sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) do not constitute all of the material facts which the state will rely upon at trial to constitute the crime charged, there is no basis upon which to grant the motion. In such a case, the trial court is not in a position to ascertain whether the facts upon which the state relies to constitute the crime charged establish, as a matter of law, a prima facie case of guilt against the defendant. Upon the filing of the traverse in the instant case, the trial court was required to deny the sworn motions to dismiss. See e.g., State v. Horne, 399 So.2d 49 (Fla. 3d DCA 1981); State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980).
Reversed and remanded.