PER CURIAM.
The final order dismissing the information filed below charging the defendant Anthony Martinez with manslaughter by culpable negligence [§ 782.07, Fla. Stat.(1985) ], is affirmed upon a holding that the said information was properly dismissed under Fla.R.Crim.P. 3.190(c)(4). We reach this result for two reasons.
First, the material facts of this case, as stated in the defendant’s sworn motion to dismiss, do not constitute a prima facie case of culpable negligence manslaughter under Section 782.07, Florida Statutes (1985). Parker v. State, 318 So.2d 502 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 21 (Fla.1976); Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), cert. denied, 201 So.2d 464 (Fla.1967).
Second, the fact that the state’s traverse denied, in part, that the material facts alleged in the defendant’s sworn motion to dismiss were the only material facts in the case, and alleged other material facts — although urged as sufficient in itself to defeat such a motion, State v. Blanco, 432 So.2d 633 (Fla. 3d DCA 1983) — cannot defeat the motion to dismiss in this case because, even if the additional material facts as alleged in the state’s traverse are also considered, as urged, the state still does not have a prima facie of culpable negligence manslaughter under Section 782.07, Florida Statutes (1985).
Affirmed.