# TAYLOR v STATE OF FLORIDA

## Case No. 88-32-AP

Fourth Judicial Circuit, Duval County

February 24, 1989

### APPEARANCES OF COUNSEL

**Scott Mitchell,** for appellant.

**Robert L. Cosmas,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

PETER WEBSTER, Circuit Judge.

Appellant, defendant below, was adjudged guilty of driving while intoxicated. He appeals an order denying a motion to dismiss made pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. After the motion to dismiss was denied, defendant entered a nolo contendere plea, reserving the right to seek review of the order denying his motion to dismiss. Defendant's sole argument on appeal is that the motion to dismiss should have been granted because the state's traverse to the motion was legally insufficient.

To be legally sufficient, a motion pursuant to Rule 3.190(c)(4) must (1) allege that the material facts of the case are undisputed; (2) set

forth what the undisputed material facts are; and (3) demonstrate that the undisputed material facts either fail to establish a prima facie case on the offense charged or establish a valid defense. If the motion fails to meet any of these prerequisites, a response by the state is unnecessary, and the motion may be summarily denied. *See State v Torres,* 375 So.2d 889 (Fla. 3d DCA 1979); *Ellis v State,* 346 So.2d 1044 (Fla. 1st DCA), *cert. denied,* 352 So.2d 175 (Fla. 1977).

It is clear from defendant's motion that it was based upon the proposition that the state would be unable to establish that defendant was "driving or in actual physical control of a vehicle," an essential element of the offense charged. However, while the motion sets forth certain "facts," it does not assert that defendant was not "driving in or actual physical control of a vehicle." Likewise, it does not assert that no witness would be able to testify that defendant was "driving or in actual physical control of a vehicle." At best, the "facts" set forth in the motion suggest only that no member of the Jacksonville Sheriff's Office would be able to testify that defendant was "driving or in actual physical control of a vehicle." Moreover, there is no representation in the motion either that the "facts" therein set forth are all of the material facts of the case, or that they are undisputed. Accordingly, in this Court's opinion, the lower court would have been justified in summarily denying the motion to dismiss, even without any response by the state. *State v Torres,* 375 So.2d 889 (Fla. 3d DCA 1979); *Ellis v State,* 346 So.2d 1044 (Fla. 1st DCA), *cert. denied,* 352 So.2d 175 (Fla. 1977).

However, the state did file a traverse to the motion to dismiss, in which it denied "that the material facts as presented in the defendant's sworn Motion to Dismiss are the only facts upon which the State would rely during the State's case-in-chief." The state contends on appeal that its traverse was legally sufficient because it denied a material fact implicit in defendant's motion—that the "facts" set forth in the motion were all of the material facts of the case. Defendant, on the other hand, contends that the traverse was legally insufficient because it failed to set forth what additional material facts would be relied upon by the state.

This Court believes that defendant's argument lacks merit. The decision in *State v Blanco,* 432 So.2d 633 (Fla. 3d DCA 1983), upon which the state relies, appears clearly to hold that the state's traverse was legally sufficient, and required the lower court to deny the motion to dismiss. This Court finds defendant's effort to distinguish *Blanco* unpersuasive. Moreover, this Court is of the opinion that the State is not required to set forth the additional facts upon which it intends to

**137**

rely at trial. *See generally State v Wall,* 445 So.2d 646 (Fla. 2d DCA 1984); *State v Oberholtzer,* 411 So.2d 376 (Fla. 4th DCA), *rev. denied,* 419 So.2d 1199 (Fla. 1982); *Ellis v State,* 346 So.2d 1044 (Fla. 1st DCA), *cert. denied,* 352 So.2d 175 (Fla. 1977).

For the reasons discussed herein, the order appealed is AFFIRMED.

ENTERED at Jacksonville, Duval County, Florida, this 24th day of February, 1989.