LEVY, Judge.
Anthony Burns, the defendant below, appeals the trial court’s denial of his sworn Motion to Dismiss one count of a two-count Information and his subsequent judgment of conviction and sentence on that count. We affirm.
Ms. Boyd had pulled her car into a gas station. Her daughter was asleep in the hack seat. The defendant ran towards Ms. Boyd with a gun in his hand and took her bracelet off her wrist and snatched her car keys from her hand. The gun went off when the defendant took the car keys from Ms. Boyd, but she was not hit. The defendant then got into Ms. Boyd’s car and drove away, with the baby in the back seat. The defendant was charged with armed robbery and armed kidnapping. The kidnapping was charged under Section 787.01, Florida Statutes (1987).
The defendant filed a sworn Motion to Dismiss as provided by Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure. The motion was solely directed to the kidnapping count. The defendant’s motion was silent as to any factual allegation concerning the defendant’s knowledge of the child in the back seat of the car.
After conducting a hearing in connection with the defendant’s sworn Motion to Dismiss, the trial court denied the motion. The defendant then entered a plea of nolo contendere, reserving his right to appeal the denial of his motion. Thereafter, the defendant was convicted and sentenced in connection with both counts of the Information.
Clearly, when faced with a Motion to Dismiss charges, “the State is entitled to the most favorable construction of its traverse, and it is improper for the court to determine factual issues and consider the weight of conflicting evidence or the credibility of witnesses”. State v. Carda, 495 So.2d 912 (Fla. 3d DCA 1986).
Likewise, the issue of defendant’s intent is generally not properly resolved by a Motion to Dismiss the criminal charges. See State v. Booker, 529 So.2d 1239 (Fla. 1st DCA 1988).
Accordingly, the sufficiency of the evidence to support the State’s charge of kidnapping is not before us. Rather, the narrow issue presented to this Court for review relates to the correctness of the trial court’s denial of the defendant’s sworn Motion to Dismiss. For the foregoing reasons, we find that the trial judge in this case was eminently correct in denying the defendant’s Motion.
Affirmed.