616 So.2d 510 (1993)
STATE of Florida, Appellant,
v.
Steven Ray ARMSTRONG, Appellee.
No. 92-0014.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellant.
Jay David Bogenschutz, Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.

OPINION ON MOTION FOR CLARIFICATION
DOWNEY, JAMES C., Senior Judge.
Appellee was charged by information in Counts I and II with possession of cocaine and of drug paraphernalia and, in a third count, with solicitation for prostitution. Upon appellee's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the trial court dismissed the information *511 and the state has perfected this appeal.
The factual setting giving rise to the charges is that appellee was arrested for soliciting the arresting officer for prostitution. After placing him under arrest, the officer searched the automobile appellee was driving. She found in plain view an empty Sprite can allegedly used as drug paraphernalia and discovered underneath the floor mat on the driver's side several cocaine rocks.
Prior to trial appellee filed a sworn motion to dismiss Counts I and II pursuant to Florida Rules of Criminal Procedure 3.190(c)(4), in which appellee stated, in paragraph 3 thereof, that there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt. Furthermore, he stated the facts were that, just prior to his arrest, he had been driving a hitchhiker to a hotel on East Hallandale Beach Boulevard. After dropping off the hitchhiker, he had proceeded northward on U.S. Highway No. 1 toward his home and the City of Hollywood. According to appellee, he was arrested in Hallandale, after which his automobile was searched. The officer allegedly found "on the passenger bench seat a Sprite soft drink can, which they allege had been turned into a homemade rock cocaine pipe  which tested positive for the presence of cocaine." The motion states that the officer also found three pieces of rock cocaine "under a floor mat where the driver's seat was located." The motion further states that "the [d]efendant neither placed, nor possessed the can or the rocks that were in his vehicle but verily believes that they were left there by the individual whom he had permitted to enter his car and drive with him" to the hotel. Appellee says that he "was not in `manucaption' of any drug nor did he possess on his person any other indicia of narcotics that would validate knowledge or possession of the items which appear" in the information. Finally, it is stated that he had never seen either the can or the rocks before the arrest.
The state's traverse specifically denies paragraph three of the motion to dismiss. It asserts no knowledge as to the allegations regarding appellee's transporting a hitchhiker to a Hallandale hotel, but admits the officer "found a Sprite can and three cocaine rocks in the [d]efendant's car." Finally, the traverse admits appellee was in exclusive possession of the car and thus knowledge was inferred as to the presence of the can in plain view on the car seat and the cocaine rocks.
The difficult aspect of this case arises from the jurat attached to the state's traverse. Essentially, the Assistant State Attorney, vouching for the traverse, simply states that he has read the allegations therein contained and "the same are true and correct to the best of his knowledge and belief." Such a jurat has been held inadequate to meet the requirements of rule 3.190(c)(4) pleadings. State v. Zipfel, 537 So.2d 1099 (Fla. 3d DCA 1989). Nevertheless, when a traverse is procedurally inadequate the trial court still must examine the motion to dismiss to determine whether said motion demonstrates that the undisputed facts fail to establish a prima facie case of guilt. As the court stated in State v. Purvis, 560 So.2d 1296, 1298 (Fla. 5th DCA 1990):
The contents of the C-4 motions must first be examined to determine whether the facts alleged show that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant... ." Fla.R.Crim.P. 3.190(c)(4). The undisputed facts must constitute a valid defense or negate an essential element of the charge. Ritter v. State, 390 So.2d 168 (Fla. 5th DCA 1980). Whether or not the State responds to a motion to dismiss, the court must consider the motion and decide whether it is legally sufficient. State v. Lawler, 384 So.2d 1290 (Fla. 5th DCA 1980), review denied, 392 So.2d 1376 (Fla. 1981). The burden of persuasion on a motion to dismiss does not shift to the State until the defendant files a motion sufficient to show that the State cannot establish a prima facie case. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. *512 1977). If the undisputed facts as alleged in the motion to dismiss are legally insufficient, then any response from the State would be superfluous, and the motion may be summarily denied. Id. at 1046.
In our view the undisputed facts stated in the motion to dismiss are not sufficient to demonstrate that the state cannot establish a prima facie case of guilt. The record upon which the trial court relied to dismiss the information shows that appellee picked up a stranger and transported him a few miles to a Hallandale hotel. On his way back to his home he stopped on U.S. Highway 1 in Hallandale and propositioned a female, who turned out to be a police officer. A search of the car appellee was driving revealed alleged drug paraphernalia in the form of a soda can in plain view on the passenger side of the bench-type front seat, and cocaine rocks underneath the floor mat on the driver's side of the car. These facts (the verity of which is firmly supported in the state's defective traverse) do not demonstrate that the state cannot present a prima facie case of guilt. On the contrary, they make appellee's story almost incredible. The issue being focused upon is knowledge, i.e., appellee's knowledge of the presence of contraband. The admitted facts are that appellee was in exclusive possession of his own car. Contraband (a modified soda can for smoking cocaine) was found in plain view on the front passenger seat and cocaine rocks were found under the floor mat on the driver's side of the car. Appellee's explanation is that he never saw any of the contraband prior to arrest, so they must have been left in the car by a hitchhiker he picked up. The question that immediately arises is, how could appellee have failed to see evidence of that size in plain view on the front seat of his car  but more compelling, how did the hitchhiker get the rocks underneath the floor mat which was underneath appellee's feet without his knowing it? We do not believe that rule 3.190(c)(4) would be honored nor justice served by allowing appellee's sworn motion to dismiss to carry the day against the information in this case based upon his farcical story simply because of the defective jurat on the state's traverse. Furthermore, we are comfortable in the knowledge that, if the state is unable to prove a prima facie case, appellee will not suffer harm because of the availability of motions for directed verdict or for judgment n.o.v.
Accordingly, we reverse the judgment appealed from and remand the cause for further consistent proceedings.
GUNTHER and POLEN, JJ., concur.