649 So.2d 926 (1995)
The STATE of Florida, Appellant,
v.
Jose GUTIERREZ, Appellee.
No. 94-1655.
District Court of Appeal of Florida, Third District.
February 8, 1995.
Robert A. Butterworth, Atty. Gen. and Avi J. Litwin, Asst. Atty. Gen., for appellant.
Arthur J. Morburger, Weinstein Bavly & Moon, and Alvin N. Weinstein, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
GREEN, Judge.
The State appeals from an order granting the defendant's sworn motion to dismiss the information. We reverse.
*927 Defendant, along with a codefendant, were charged by an information with burglary of an occupied dwelling and petit theft. Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the defendant filed a sworn motion to dismiss asserting that there were no disputed material facts and that the undisputed material facts failed to establish a prima facie case of guilt. In support of his motion, defendant incorporated by reference the sworn deposition testimonies of several of the State's witnesses.
One of the State's witnesses, Urrick Francois, initially testified at his deposition[1] that he observed the defendant and codefendant break into a kiosk known as Jessy's Place at the Town and Country Mall and take clothing and/or other merchandise. During later questioning, at the deposition, Francois seemingly recanted his earlier testimony and stated that he did not observe the defendant or codefendant break into the kiosk or see any items belonging to Jessy's Place in the immediate possession of the defendant or codefendant. Defendant relied in large part upon Francois' latter favorable testimony to support his motion to dismiss.
Defendant also relied upon the deposition testimony of Ramon Martinez, another witness for the State. Martinez was employed as a security supervisor at the mall and testified that he didn't see anyone attempting to break into the kiosk or see the defendant or codefendant remove merchandise therefrom.
In response to the motion to dismiss, the State filed a traverse denying generally the assertions made in the motion. In its traverse, the State failed to execute the form of affidavit attesting to the fact that the traverse was being executed in good faith and that the State had received sworn testimony in support of the denials made in the traverse.
On appeal, the State argues that its unsworn traverse alone was sufficient to defeat the defendant's motion to dismiss pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. We do not agree. Initially, it should go without saying that any denial by the State must be in good faith, and not be based upon speculation, conjecture, presumption or assumption. Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977). More importantly, the State is entitled to a denial of a defendant's sworn motion to dismiss only if the State files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. Fla.R. Crim.P. 3.190(d) (emphasis added). The State's unsworn traverse was insufficient to require an automatic denial of defendant's motion to dismiss. State v. Zipfel, 537 So.2d 1099, 1100 (Fla. 3d DCA 1989) (Pearson, J. concurring) ("[The trial court] correctly dismissed the information because the oath to the traverse was, as the majority points out, otherwise inadequate.").
This finding, however, is not dispositive of the motion to dismiss because the trial court must still determine whether the defendant met his initial burden of demonstrating that there were no genuine issues of material fact and the undisputed material facts failed to establish a prima facie case of guilt. As the court in Ellis put it:
Initially, the defendant in his sworn motion must allege that the material facts of the case are undisputed, describe what the undisputed material facts are, and demonstrate that the undisputed facts fail to establish a prima facie case or that they establish a valid defense (either an affirmative defense or negation of an essential element of the charge). Obviously, if the undisputed facts as alleged in the motion to dismiss do not meet such burden then any response from the State would be superfluous, and the motion may be summarily denied.
346 So.2d at 1045-46. See also State v. Armstrong, 616 So.2d 510, 511 (Fla. 4th DCA 1993) ("When a traverse is procedurally inadequate, the trial court must still examine the motion to dismiss to determine whether said motion demonstrates that undisputed facts fail to establish a prima facie case of guilt."). Based upon the record before us, we conclude *928 that the defendant failed to meet his initial burden of demonstrating the complete absence of any material facts. Therefore, his motion to dismiss should have been summarily denied even in the absence of any response from the State.
The conflicting deposition testimony of Urrick Francois as to whether he witnessed the defendant's commission of the charged acts was sufficient alone for the trial court to deny summarily the motion to dismiss. State v. Fetheroff, 388 So.2d 38 (Fla. 5th DCA 1980) (a criminal defendant was not entitled to a dismissal of a criminal information charging him with sexual battery and lewd assault upon his minor daughter where the daughter initially gives investigators two notarized written statements detailing the defendant's commission of the acts charged but later recants these statements at her subsequent deposition). On a motion to dismiss, if the affidavits and depositions filed in support of or in opposition to the motion create material disputed facts, it is improper for the trial court to determine factual issues and consider the weight of conflicting evidence or the credibility of witnesses. Burns v. State, 546 So.2d 1137 (Fla. 3d DCA 1989); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980).
We therefore reverse the order below and remand for further proceedings consistent herewith.
NOTES
[1] It should be noted that the State was not represented by counsel at any of these depositions. All of the witnesses' answers were in response to questions propounded by defense counsel.