678 So.2d 426 (1996)
Vincent J. BRANCIFORTE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04974.
District Court of Appeal of Florida, Second District.
July 31, 1996.
*427 Richard J. Sanders, Gulfport, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
The state charged the appellant with two counts of possessing a photograph which the appellant knew to include sexual conduct by a child, a violation of section 827.071(5), Florida Statutes (1995). On October 10, 1995, the appellant entered a no-contest plea, reserving the right to appeal the denial of his motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). In addition to raising that issue, the appellant raises two issues concerning his sentences. We affirm the denial of the motion to dismiss. However, we find merit in the issues raised by the appellant with regard to his sentences.
The appellant claims that the state's traverse to his motion to dismiss was legally insufficient. The traverse stated that "the state specifically denies that the material facts as presented in the defendant's sworn motion to dismiss are the only facts upon which the state would rely during the state's case in chief." A traverse making the identical statement was found legally sufficient by the court in State v. Blanco, 432 So.2d 633 (Fla. 3d DCA 1983). The Blanco court observed that, given this traverse, the trial court did not have before it all the material undisputed facts in the case and, accordingly, had no basis to conclude, as it did, that the material undisputed facts of the case did not establish a prima facie case of guilt against the defendant. We agree with this reasoning and find the state's traverse in this case legally sufficient. Accordingly, we affirm the denial of the appellant's motion to dismiss.
The trial court sentenced the appellant to two concurrent terms of twenty-four months' imprisonment followed by three years' probation. The appellant argues that these sentences were improper upward departures because no written reasons were filed by the trial court. He argues that because he fell into the first cell on the sentencing guidelines scoresheet, permitting any nonstate prison sanction, the trial court was limited to sentencing the appellant to a term of incarceration not to exceed twenty-two months as provided in section 921.001(5), Florida Statutes (1991), and that incarceration imposed beyond twenty-two months was an upward departure.
The state concedes this point and suggests that this court reverse and remand for correction of the sentence to reflect concurrent terms of twenty-two months' imprisonment. Accordingly, we reverse the appellant's sentences of concurrent terms of twenty-four months' incarceration with directions that the sentences be corrected to reflect incarceration of twenty-two months on each count, to be served concurrently.
The final issue raised by the appellant is directed to Condition (19) of his order of probation, which requires him to register with the Florida Department of Law Enforcement as a sexual predator under section 775.22, Florida Statutes (1993). We agree with the appellant that the instant offenses are not within the registration criteria as set forth in section 775.22(2). Accordingly, we strike Condition (19) of the order of probation.
Affirmed in part, reversed in part with directions, and probation condition stricken.
CAMPBELL and WHATLEY, JJ., concur.