POLEN, Judge.
The state appeals the trial court’s order granting Jonathan Morales’ motion to dismiss the information filed against him. We affirm.
Morales and Freddy Vilchez were charged by information with fraudulent use of a driver’s license in violation of section 322.212(6) and (6), Florida Statutes (1996). The information stated “Morales did give his identification to Freddy Vilchez to falsely obtain a Florida Driver’s License....” Morales filed a sworn motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). His motion, although in unnumbered, narrative paragraphs, alleged facts that, if undisputed, did not establish a prima facie case of guilt against him.
The state responded by filing a two paragraph traverse, which provided in its entirety: *1064 The trial judge found this traverse insufficient because the state did not deny, with specificity, the material facts alleged in Morales’ motion to dismiss. We agree.
*1063 COMES NOW the State of Florida, by and through the undersigned Assistant State Attorney, and files this Traverse to the Defendant’s Motion to Dismiss and, pursuant to Rule 3.190(d) of the Florida Rules of Criminal Procedure, specifically admits or denies the following factual matters alleged in said motion, to-wit:
Since the Sworn Motion to Dismiss, filed by the Defendant, was not done in the standard numbered paragraph form, it is impossible to Traverse this Sworn Motion in the manner regularly done. Therefore, the State generally denies approximately eighty percent (80%) of the information listed under the “Facts” portion of the Sworn Motion to Dismiss.
*1064 Pursuant to rule 3.190(d), the state may traverse a motion to dismiss that alleges factual matters. Under the rule, “[fjactual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the state in the traverse.” The rule also provides: “[a] motion to dismiss under subdivision (c)(4) ... shall be denied if the state files a traverse that with specificity denied under oath the material fact or facts alleged in the motion to dismiss.” Fla. R.Crim.P. 3.190(d).
Rule 3.190(d) was amended to require specific denials of material facts following the opinion in State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974), where a traverse stating: “the state traverses to the defendant’s sworn motion to dismiss,” was held insufficient as a matter of law. The instant traverse was no more specific than that quoted in Kemp. There was no reason here why the state could not respond to each allegation in Morales’ motion, whether in numbered paragraphs or not.
The state’s reliance on State v. Diaz, 627 So.2d 1314 (Fla. 2d DCA 1993) and Branciforte v. State, 678 So.2d 426 (Fla. 2d DCA 1996) is misplaced because the instant traverse did not generally allege the existence of material facts contrary to those contained in Morales’ motion. In reviewing Morales’ motion, the trial court had before it all of the material undisputed facts, and was able to determine the state failed to establish a pri-ma facie case of guilt against Morales.
AFFIRMED.
STONE and WARNER, JJ., concur.