GROSS, J.
The state appeals an order granting the defendant’s motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Because we hold that the state did not file a legally sufficient traverse, we affirm the trial court’s order.
The defendant’s motion to dismiss in this vehicular homicide case alleged that there were no material disputed facts and then detailed a great number of facts surrounding the accident in this case. In response to all of the defendant’s details, the state’s traverse generally denied that there were no material disputed facts, denied in part and admitted in part the paragraph number containing the recitation of facts, and then stated that “there are additional facts omitted by the defendant.”
The state contends its traverse is legally sufficient, requiring the denial of the motion to dismiss under Branciforte v. State, 678 So.2d 426, 427 (Fla. 2d DCA 1996). Although Branciforte and State v. Blanco, 432 So.2d 633, 634 (Fla. 3d DCA 1983) support the state’s position, we find them to be incorrectly decided since they ignore the language of Florida Rule of Criminal Procedure 3.190(d) which requires specific *508 ity in a traverse or demurrer to a motion to dismiss.
The contents of the traverses in Brand- ■ forte and Blanco were identical and provided that “[T]he state specifically denies that the material facts as presented in the defendant’s sworn motion to dismiss are the only facts upon which the state would rely during the state’s case in chief.”
Branciforte, 678 So.2d at 427; Blanco, 432 So.2d at 634. As authority for the proposition that the traverse was legally correct, Branciforte relies solely on Blanco.
One of the cases cited in Blanco is State v. Wright, 386 So.2d 583, 583 (Fla. 4th DCA 1980), where this court reversed an order of dismissal under Rule 3.190(c)(4) in the face of the state’s traverse, which contained the following two paragraphs:
2. The State specifically denies paragraph two (2) of Defendant’s Sworn Motion to Dismiss, and further states and alleges that paragraph two (2) is a self-serving statement and that the question of intent is a factual question for jury determination.
3. The State specifically denies paragraph three (3) and further states and alleges that Defendant was a participant in the robbery and did flee with the Co-Defendant after the robbery took place. The State further alleges that paragraph three (3) is a factual question for jury determination.
Id. at 583. Wright is consistent with an earlier decision of this court which reversed a dismissal in the face of the following traverse by the state:
A. Although there had been discussions about the possible purchase of the subject vehicle between, the defendant and Mr. Savard, no sale was ever eonsu-mated [sic] and title to the vehicle was never transferred to the defendant.
B. Two hundred dollars allegedly paid by the defendant and his brother was rental monies and not consideration for the subject vehicle.
State v. Hamlin, 306 So.2d 150, 151 (Fla. 4th DCA 1975).
The difference between the traverses found legally sufficient by this court in Wright and Hamlin, and those in Branci-forte and Blanco is that the traverses quoted above specifically addressed facts in the underlying case. The decisions of this court are thus consistent with the language of the rule, which in two different sentences imposes the requirement of specificity on the state’s traverse.
Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be deemed admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
Fla.R.Crim.P. 3.190(d) (italics added). The rule was amended in 1977 to resolve “any ambiguity in the rule as to whether the state must file a general or a specific traverse to defeat a motion to dismiss filed ■ under the authority of rule 3.190(c)(4).” Fla.R.Crim.P. 3.190 Committee Notes (1977). The rule’s requirement of specificity precludes the state from avoiding dismissal by generally alleging that there are “additional facts omitted by the defendant.” As we held in Hamlin, 306 So.2d at 152, a prosecutor may properly file a sworn traverse. The rule requires a prosecutor to place material facts before the court if she wants the court to, consider them in ruling on the motion.
In this case, the state’s traverse did not place material facts before the court so as to require denial of the motion to dismiss. We certify conflict with Branciforte v. *509 State, 678 So.2d 426 (Fla. 2d DCA 1996), and State v. Blanco, 432 So.2d 638 (Fla. 3d DCA 1983).
Based on the facts before the trial court at the time it considered the defendant’s motion to dismiss, the trial court’s ruling was correct. See Russ v. State, 140 Fla. 217, 191 So. 296 (1939).
Affirmed.
WARNER, J., concurs.
STONE, C.J., dissents with opinion.