758 So.2d 110 (2000)
STATE of Florida, Petitioner,
v.
Chris KALOGEROPOLOUS, Respondent.
No. SC95664.
Supreme Court of Florida.
May 11, 2000.
Robert A. Butterworth, Attorney General, Celia Terenzio, Bureau Chief, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, Florida, for Petitioner.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, *111 Fifteenth Judicial Circuit, West Palm Beach, Florida, for Respondent.
WELLS, J.
We have for review State v. Kalogeropoulos, 735 So.2d 507 (Fla. 4th DCA 1999), which certified conflict with the opinion in Branciforte v. State, 678 So.2d 426 (Fla. 2d DCA 1996), and State v. Blanco, 432 So.2d 633 (Fla. 3d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we approve the decision of the Fourth District Court of Appeal.
Respondent Chris Kalogeropoulos was a defendant in a vehicular homicide case. Respondent moved to dismiss the case. In the motion, respondent detailed a great number of the facts surrounding the accident and alleged that there were no material disputed facts. In response, the State's traverse generally denied that there were no material disputed facts, denied in part and admitted in part the paragraph containing the recitation of facts, and stated that "there are additional facts omitted by the defendant." The trial court granted respondent's motion to dismiss.
On appeal, the State argued that its traverse was legally sufficient and required the denial of the motion to dismiss under Branciforte and Blanco. In Branciforte and Blanco, the State filed a traverse stating that "the state specifically denies that the material facts as presented in the defendant's sworn motion to dismiss are the only facts upon which the state would rely during the state's case in chief." Branciforte, 678 So.2d at 427; Blanco, 432 So.2d at 634. Courts in each case found this statement sufficient to defeat a motion to dismiss.
The Fourth District recognized that Branciforte and Blanco supported the State's position but found that those cases were incorrectly decided because they ignored the language of Florida Rule of Criminal Procedure 3.190(d). The Fourth District affirmed the trial court's granting of the defendant's motion to dismiss and certified conflict with Branciforte and Blanco. Kalogeropoulos, 735 So.2d at 508-509.
We agree with the Fourth District in concluding that more is required to defeat a motion to dismiss. Pursuant to rule 3.190(c)(4), a defendant may move for dismissal alleging in the motion that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Under this rule it is the defendant's burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion. The purpose of this procedure is to avoid a trial when there are no material facts genuinely in issue. See State v. Davis, 243 So.2d 587, 591 (Fla.1971). The procedure is similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to subsequent prosecutions. See Dorelus v. State, 747 So.2d 368 (Fla.1999); Fla. R.Crim. P. 3.190 (Committee Notes 1968 Adoption).
In order for the State to defeat a motion to dismiss, rule 3.190(d) provides in part:
The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be deemed admitted unless specifically denied by the state in the traverse.... A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.
Fla. R.Crim. P. 3.190(d) (emphasis added). As the Fourth District noted, the "with specificity" language was added to the rule to clarify that the State was required to file a specific traverse to "specific material fact or facts" in order to defeat a motion to dismiss. See Florida Bar re Florida Rules of Criminal Procedure, 343 So.2d *112 1247, 1255-56 (Fla.1977). If the facts in the motion that the State does not specifically deny support the defendant's position but additional facts exist that would create a material issue preventing the granting of the motion, the State should set forth those additional facts in the traverse just as a non-movant would have to do in a counter-affidavit in order to defeat a motion for summary judgment. See Landers v. Milton, 370 So.2d 368 (Fla.1979); Knight Energy Services, Inc. v. Amoco Oil Co., 660 So.2d 786 (Fla. 4th DCA 1995).
The State suggests that holding that the State must specifically allege the facts it is relying on when claiming the additional facts support a prima facie case would encourage defendants to set forth incomplete facts and require the State to disclose all of the facts and theory upon which it will rely to prosecute the case. That is not what is required. The State need only specifically dispute a material fact alleged by the defendant or add additional material facts that meet the minimal requirement of a prima facie case. If a material fact is disputed, denial of the motion to dismiss is mandatory. See Boler v. State, 678 So.2d 319, 323 (Fla.1996). In meeting its burden of establishing a prima facie case, the State can use circumstantial evidence, and all inferences made are resolved in its favor. Id.
Accordingly, we approve the decision of the Fourth District Court of Appeal.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.