761 So.2d 1252 (2000)
The STATE of Florida, Appellant,
v.
Roberto E. FIGUEREO, Appellee.
No. 3D98-3008.
District Court of Appeal of Florida, Third District.
July 19, 2000.
*1253 Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Joaquin Perez, Sebring, and Nelson Rodriguez, Miami, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, J.
The State appeals an order granting a sworn motion to dismiss drug trafficking charges on grounds of entrapment. We reverse.

I.
Defendant-appellee Roberto E. Figuereo was arrested after purchasing two kilos of cocaine from an undercover detective. Claiming entrapment, defendant filed a sworn motion to dismiss the charges under Florida Rule of Criminal Procedure 3.190(c)(4), which authorizes dismissal where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." The assistant state attorney filed a sworn traverse, and the affidavit of the undercover detective, which contradicted the defendant's affidavit on every material point.
At a hearing on the motion to dismiss, the State asked the court to review the motion, traverse, and affidavits. The State's position was, in substance, that the motion should be denied on the basis of those documents, but if necessary, the State would produce the confidential informant for interview by the court in camera.
The court decided that it wished to hear the testimony of the undercover detective who had filed the affidavit, and did so. In a subsequent hearing, the court dismissed the charges, finding that defendant had been entrapped as a matter of law. The State has appealed.

II.
The trial court erred by deciding disputed issues of material fact. The (c)(4) motion should have been denied and the factual issues left for determination at trial.
The Florida Supreme Court has recently addressed the principles to be followed in deciding a sworn motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). The court said:
The purpose of this [rule 3.190(c)(4)] procedure is to avoid a trial when there are no material facts genuinely in issue. The procedure is similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to subsequent prosecutions.
. . . .
The State suggests that holding that the State must specifically allege the facts it is relying on when claiming the additional facts support a prima facie case would encourage defendants to set forth incomplete facts and require the State to disclose all of the facts and theory upon which it will rely to prosecute the case. That is not what is required. The State need only specifically dispute a material fact alleged by the defendant or add additional material facts that meet the minimal requirement of a prima facie case. If a material fact is disputed, denial of the motion to dismiss is mandatory. In meeting its burden of establishing a prima facie case, the State can use circumstantial *1254 evidence, and all inferences made are resolved in its favor.
State v. Kalogeropolous, 758 So.2d 110 (Fla.2000) (citations omitted; emphasis added); see State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999); State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998); State v. Miller, 710 So.2d 686, 687 (Fla. 2d DCA 1998); State v. Hart, 677 So.2d 385, 386 (Fla. 4th DCA 1996); State v. Gutierrez, 649 So.2d 926, 928 (Fla. 3d DCA 1995).
In the present case, the defendant's affidavit states that his former girlfriend Ivette was an employee of the confidential informant, told him that her boss was a drug dealer, and told him that he could buy cocaine for less than street value. Defendant states that Ivette and the confidential informant called him repeatedly, until he finally agreed to do a drug transaction. Defendant states that he has no prior criminal record.
The affidavit of the detective admits that there was a confidential informant, denies that Ivette was a confidential informant, denies that defendant was badgered by repeated phone calls, and states that defendant was the one who initiated telephone contact with the confidential informant. The confidential informant told the defendant that drugs were available but that defendant would have to show that he had the money. Within three days the defendant came back with a cooler filled with cash, which he showed to the informant and the detective. The next day the defendant bought two kilos of cocaine from the undercover officer for $34,000 in cash. During the transaction the detective remarked that the defendant had the money neatly packaged, and defendant replied, "Always." Defendant cut the packaging to test the cocaine. He advised the undercover detective that he wished to buy two additional kilos of cocaine and would meet him again for that purpose. According to the detective, the defendant never displayed nervousness or other indicia indicating that he was someone who was unfamiliar with drug dealing transactions. Upon arrest, it turned out that defendant had another $15,000 in cash in his car.
Suffice it to say that there are numerous disputed issues of material fact regarding the defendant's defense of entrapment. See § 777.201, Florida Statutes (1995); Munoz v. State, 629 So.2d 90, 99 (Fla. 1993). As the Florida Supreme Court has explained, "[i]f a material fact is disputed, denial of the motion to dismiss is mandatory." State v. Kalogeropolous, 758 So.2d at 112. The trial court should not have determined factual issues and should have denied the motion to dismiss. See id.; see also State v. Gutierrez, 649 So.2d at 928.[1]

III.
The trial court ruled alternatively that the police operation in this case consisted of egregious conduct which amounted to a *1255 denial of due process of law. This ruling was error.
The Florida Supreme Court has held that egregious misconduct of law enforcement agents in an entrapment case can violate a defendant's due process rights under Article I, Section 9 of the Florida Constitution. See Munoz v. State, 629 So.2d at 98. "[T]he protection of due process rights requires that the courts refuse to invoke the judicial process to obtain a conviction where the facts of the case show that the methods used by law enforcement officials cannot be countenanced with a sense of justice and fairness." State v. Williams, 623 So.2d 462, 467 (Fla. 1993). In Williams a sheriff's department manufactured crack cocaine for sale by undercover officers within one thousand feet of a school. See id. at 467. Some of the cocaine was lost during the reversesting operations. See id. The Florida Supreme Court concluded that this was outrageous conduct which amounted to a due process violation and barred the defendant's prosecution. See id.
It has also been held that "a trial court may properly dismiss criminal charges for constitutional due process violations in cases where an informant stands to gain a contingent fee conditioned on cooperation and testimony in the criminal prosecution when that testimony is critical to a successful prosecution." State v. Glosson, 462 So.2d 1082, 1085 (Fla.1985).
The defendant's claim in the present case falls far short of alleging a due process violation, and stands in sharp contrast to the cases just cited. In the present case, the defendant's affidavit asserts that he had no predisposition to engage in drug trafficking; that his former girlfriend told him that he could buy cocaine from her boss at a good price; that she and the confidential informant repeatedly called him to badger him into buying cocaine; and that he ultimately succumbed. What defendant has outlined is a garden variety entrapment case, and does not amount to a due process violation. Entrapment is, of course, forbidden and law enforcement agents are not free to press into illegal activity those who have no predisposition to engage in it. A defendant in such a case may offer an entrapment defense. But those allegations are not of the severity which would make out a claim of a due process violation or call for dismissal of the prosecution. This part of the motion should have been denied as facially insufficient.
From a procedural standpoint, the defendant included his due process claim as part of his sworn motion to dismiss under rule 3.190(c)(4). Since the facts the defendant relied on were the subject of material dispute, the motion likewise was subject to denial on procedural grounds, for the reasons stated in the preceding section of this opinion.
Turning to the particulars of the trial court's order, the court stated that there was a due process violation because of a failure of the detective to properly supervise the informant and Ivette. The State, of course, contested defendant's claim that he had been subjected to repeated telephone calls urging him to become involved in a drug deal. That aside, a claim of failure to supervise does not, without more, rise to the level necessary to constitute a due process violation.
The court said that there was a due process violation where "the informant's income depends on producing cash from which he will be paid." That legal conclusion is contrary to State v. Hunter, 586 So.2d 319 (Fla.1991), where the court held that it is permissible to compensate an informant, so long as his agreement with the State did not require his testimony and was not contingent on obtaining a conviction. See id. at 321.
The trial court said there was a due process violation because the State had allowed the confidential informant and Ivette to "disappear." The factual premise is wrong. The State repeatedly made it clear that it would produce the informant *1256 in chambers if needed, and the detective's affidavit denies that Ivette was an informant. In this part of the order the court is apparently alluding to the fact that due process considerations come into play if the defendant makes the showing necessary for the disclosure of an informant, see State v. Zamora, 534 So.2d 864, 868-70 (Fla. 3d DCA 1988), but defendant has filed no motion for disclosure and a (c)(4) motion is not a proper substitute.

IV.
We point out that it is not permissible for the State to oppose a rule 3.190(c)(4) motion by presenting the confidential informant to the trial judge in chambers.
The State's initial position in the trial court was that the traverse and supporting affidavit were sufficient to defeat the defendant's (c)(4) motion. The State argued alternatively that if the trial judge needed to hear from the confidential informant, then the State would produce the confidential informant in chambers to address the (c)(4) motion. We find no authority in the rule or under the Kalogeropolous decision for an ex parte opposition to a (c)(4) motion.
The entire point of a (c)(4) motion "is to avoid a trial when there are no material facts genuinely in issue." 758 So.2d at 111. Where the State contends that there are disputed factual issues which must be tried, it must state those facts openly. The only pertinent facts are those the State intends to bring forth at trial, not facts the State declines publicly to rely on. See id.; see also State v. Donaldson, 763 So.2d 1252 (Fla. 3d DCA 2000).

V.
For the reasons stated, the dismissal order is reversed and the cause remanded with directions to reinstate the prosecution.
Reversed and remanded.
NOTES
[1] Although the detective had provided an affidavit in opposition to the sworn motion to dismiss, the trial court decided it would like to hear live testimony from the detective as well. The State offered no objection to this procedure below, and does not claim error here.

In the meantime, the Kalogeropolous decision has been handed down (which the trial court did not have the benefit of at the time of its ruling). Under Kalogeropolous, it is clear that in deciding a sworn motion to dismiss, the trial court must first examine the motion, traverse, and related papers. If the court determines that there is a disputed issue of material fact, then the court's duty is to deny the motion.
We make this point because Rule 3.190(d) contains a sentence stating, "The court may receive evidence on any issue of fact necessary to the decision on the motion." By its context, this sentence is apparently applicable to (c)(4) motions. However, by its terms this sentence comes in to play only if "necessary to the decision on the motion," id. R. 3.190(d) (emphasis added), and if the motion can be decided on the basis of the papers, it follows that further factual inquiry is unnecessary. If the court finds it necessary to take evidence, the court's only proper inquiry is to determine whether a disputed issue of material fact exists. If so, the motion must be denied and the factual issue resolved at trial.