908 So.2d 484 (2005)
STATE of Florida, Appellant,
v.
Luis LOPEZ, Appellee.
No. 4D03-4624.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Rehearing Denied August 30, 2005.
*485 Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellant.
Gonzalo Alberto Gayoso, Miami, for appellee.
TAYLOR, J.
The state appeals the trial court's entry of a judgment of acquittal after a jury verdict finding the defendant guilty of trafficking in 3,4-Methylenedioxymethamphetamine (MDMA). The court based the judgment of acquittal on three alternative grounds: 1) a defect in the information; 2) lack of proof of possession of the drugs; and 3) objective entrapment.
We agree with the state that the defendant waived the defect in the information by failing to timely raise an objection, and, further, that the additional language in the information was mere surplusage which did not prejudice defendant in his defense or otherwise justify a judgment of acquittal. See Fla. R. Crim. P. 3.140(i). We also agree that the alleged failure to properly supervise the confidential informant, standing alone, did not amount to a due process violation and establish objective entrapment. See State v. Figuereo, 761 So.2d 1252, 1255 (Fla. 3d DCA 2000) (reversing dismissal of drug trafficking charge on grounds of entrapment where defendant's claim of failure to supervise fell short of alleging a due process violation).
We conclude, however, that the trial court correctly found that the state failed to present sufficient evidence to establish that the defendant was in actual or constructive possession of MDMA. See D.M. v. State, 714 So.2d 1117, 1120 (Fla. *486 3d DCA 1998) (holding that evidence was legally insufficient to establish that juvenile possessed cocaine which was located in a utility room; a defendant is not guilty of possession of a controlled substance by virtue of aiding and abetting a confederate in the sale of such substance). Although the defendant may have been guilty of conspiracy to sell or deliver MDMA, as indicated by the confidential informant's testimony, the evidence was legally insufficient to establish that the defendant had dominion or control of the drugs, which were thrown out of his car by the passenger and purported owner/supplier of the drugs.
Affirmed.
WARNER and KLEIN, JJ., concur.