FARMER, J.
 

 Under the authority of rule 3.190(c)(4), the trial court dismissed an Information charging defendant with dealing in stolen property.
 
 [1]
 
 The property in question was a power washer on loan to defendant. Defendant’s factual basis for dismissal was that, because he needed money he had pawned the washer, but before he could redeem the washer from the pawnshop and timely return it under his agreement with the lender, the police charged him with dealing in stolen property.
 

 The issue was whether the lender’s permission to use the washer allowed defendant to pawn it. His motion asserted that his act of using the washer to borrow
 
 *901
 
 money was “within the scope of the consent granted to him.” The State filed no Traverse to this fact.
 

 At the hearing on the motion, defendant pointed out that the undisputed facts he relied on were those in a police report supporting his assertion that the right to pawn the washer was within the consent. The trial court stated that if the State agreed that the facts relied on by defendant were not disputed, then the court would grant the motion. He directed defense counsel to reduce those facts to writing, show the writing to the prosecutor, and obtain an acknowledgement that those facts were undisputed. If they were undisputed, the court would enter the order granting dismissal. If not, defendant should advise the court of that fact because “if it’s not her agreement on the facts, then we need to talk again.” Later that same day, the court entered an order reciting:
 

 “Having heard argument, the Court finds that the undisputed facts reflect the victim’s consent as to the use and possession of the subject property by the defendant. This factual basis is insufficient to provide a basis for the charge of dealing in stolen property.”
 

 We affirm.
 

 The State argues that at the hearing on his motion defendant actually stipulated orally to different facts in a “probable cause affidavit” and thus the facts could not be deemed undisputed. The record does not support this argument. It shows instead that defendant specifically referred to and relied upon the police report, not a probable cause affidavit.
 

 The State also argues that at the hearing defendant had agreed to an “oral” traverse. We are unable to find any such agreement or stipulation in the record.
 

 In
 
 State v. Kalogeropolous,
 
 758 So.2d 110 (Fla.2000), the supreme court explained:
 

 “In order for the State to defeat a motion to dismiss, rule 3.190(d) provides in part:
 

 The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be deemed admitted unless specifically denied by the state in the traverse.... A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that with
 
 specificity
 
 denies under oath the material fact or facts alleged in the motion to dismiss.
 

 Fla. R.Crim. P. 3.190(d) (emphasis added).... [T]he ‘with specificity’ language was added to the rule to clarify that the State was required to file a specific traverse to ‘specific material fact or facts’ in order to defeat a motion to dismiss. If the facts in the motion that the State does not specifically deny support the defendant’s position but additional facts exist that would create a material issue preventing the granting of the motion, the State should set forth those additional facts in the traverse just as a non-movant would have to do in a counter-affidavit in order to defeat a motion for summary judgment.” [c.o.]
 

 758 So.2d at 111-12. The State’s failure to file a Traverse to the professedly undisputed fact that defendant’s permission to use the washer included the right to pledge it temporarily to obtain money from a pawn shop was quite rightly the deciding factor for the very able and experienced trial judge who granted this motion to dismiss.
 

 Affirmed.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.
 

 [1]
 

 . Fla. R.Crim. P. 3.190(c)(4) ("the court may at any time entertain a motion to dismiss on ... the ... grounds ... the undisputed [material] facts do not establish a prima facie case of guilt against the defendant").