NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
         )
    Appellant, )
         )
v. )  Case No. 2D14-1856
         )
GUILLERMO RAMIREZ, )
         )
    Appellee. )
_____ )

Opinion filed November 6, 2015.


Appeal from the Circuit Court for
Hillsborough County; Thomas Barber,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellee.


NORTHCUTT, Judge.


    The State charged Guillermo Ramirez with trafficking in illegal drugs

based on his possession of forty hydromorphone pills. See § 893.135(1)(c)(1)(a), Fla.

Stat. (2013). Ramirez filed a motion to dismiss the information pursuant to Florida Rule

of Criminal Procedure 3.190(c)(4), claiming that he had a lawful prescription for the drugs. Ramirez attached a pharmacy record reflecting that he had been prescribed hydromorphone tablets. Although the State's traverse pointed out that the pills Ramirez possessed were a different strength than the pills he had been prescribed, the court dismissed the information. We reverse.

The various burdens involved when a defendant seeks dismissal of an information under the rule were explained in State v. Kalogeropolous, 758 So. 2d 110 (Fla. 2000). The defendant's sworn motion must allege specific facts that show "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt." Fla. R. Crim. P. 3.190(c)(4). To defeat the motion, the State's traverse must specifically deny the facts set forth in the motion or add additional facts that meet the minimal requirement of a prima facie case. See Fla. R. Crim. P. 3.190(d); Kalogeropolous, 758 So. 2d at 112.

The State met its burden in this case. Ramirez's sworn motion alleged that he had a lawful prescription for hydromorphone. The pharmacy record attached to support this fact showed that eight-milligram tablets had been dispensed to him. The State's traverse denied that the pharmacy record required a dismissal because lab results from the Florida Department of Law Enforcement demonstrated that the pills found in Ramirez's possession were four milligrams in size, not the eight-milligram pills that had been prescribed. This fact specifically refuted the factual basis of Ramirez's prescription defense as set forth in his motion to dismiss.

The State having established that a material fact was in dispute, denial of Ramirez's motion to dismiss was mandatory.  <u>See</u> Fla. R. Crim. P. 3.190(d); <u>Kalogeropolous</u>, 758 So. 2d at 112.  Accordingly, we reverse and remand with instructions to reinstate the information.

SILBERMAN and SALARIO, JJ., Concur.