419 So.2d 1137 (1982)
STATE of Florida, Appellant,
v.
Debra Morris PASTORIUS, Appellee.
No. 82-134.
District Court of Appeal of Florida, Fourth District.
September 22, 1982.
Motion for Clarification Denied October 20, 1982.
*1138 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Michael Brodsky, Miami, for appellee.
HERSEY, Judge.
Debra Morris Pastorius was charged by Information with delivery of cannabis. She filed a motion to dismiss pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure, on the basis that there were no disputed material facts and the undisputed facts did not establish a prima facie case of guilt.
Appellee's motion alleged the following facts. Undercover police officers and co-defendant Bradley Pastorius, husband of appellee, met between their cars in a parking lot. The officers' car was parked twenty feet from and on the driver's side of the other automobile. The officers and Bradley Pastorius discussed the purchase of marijuana. The conversation was not loud. Appellee, Debra Pastorius, remained in the passenger seat of her car. During the conversation, appellee got out of her car and asked her husband "Should I go get Tom?" Bradley replied, "Yeah, go get Tom." Appellee then walked out of view. Shortly thereafter, a blue van drove up and parked beside the officers' vehicle. Appellee exited the passenger's side of the van and walked to her car. The driver of the van, co-defendant Thomas Bernardi, exited the vehicle, opened the sliding passenger door and showed police officers a large green non-transparent plastic bag located on the floor behind the passenger seat. The officers opened the bag and saw within it numerous smaller bags of marijuana. Bradley Pastorius, Bernardi, and appellee were then arrested.
The state filed a sworn traverse admitting the facts but claiming that it would "prove through circumstantial evidence that the defendant, Debra Pastorius, knew that she was aiding and abetting Bradley Pastorius and Thomas Bernardi in the delivery of cannabis."
To be sufficient, a 3.190(c)(4) motion to dismiss must allege that the material facts of the case are undisputed, set out those facts, and demonstrate that the undisputed facts fail to establish a prima facie case (or that they affirmatively establish a valid defense). If the undisputed facts as alleged in the motion do not meet this burden, then a response from the state is unnecessary and the motion may be summarily denied. If, however, the allegations do meet the test, then the burden shifts to the state. Under the latter circumstance, in order to avoid the effect of the motion, the state must either traverse a specific material fact that is alleged in the motion or allege one or more material facts not contained in the motion. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977).
The state neither denied a specific fact in its traverse nor presented material facts not contained in the motion to dismiss. Accordingly, the state's pleading has the effect of a demurrer, admitting that the facts alleged in appellee's motion to dismiss are the *1139 undisputed material facts. The state's position, then, must stand or fall on a determination of whether these undisputed facts establish a prima facie case.
When a court considers evidence on a 3.190(c)(4) motion, "all inferences are resolved against the defendant." State v. Upton, 392 So.2d 1013, 1015 (Fla. 5th DCA 1981). Here, the evidence supports inferences that appellee knew of and willingly aided in the drug transaction. She inquired if it was necessary to get Tom and voluntarily performed that task. Appellee obviously knew that Tom was nearby and it can be inferred that she was aware of the necessity for Tom to remain out of sight until a certain point in time. The circumstances were indicative of a drug transaction and the part played in that transaction by appellee was a jury question.
The order granting the motion to dismiss is reversed and this cause is remanded for trial or other appropriate proceedings.
REVERSED and REMANDED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.