874 So.2d 1199 (2004)
Romulus BRINKLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1978.
District Court of Appeal of Florida, Fifth District.
May 14, 2004.
Rehearing Denied June 23, 2004.
*1200 Joerg F. Jaeger of Jaeger and Blankner, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
*1201 EDWARDS-STEPHENS, S., Associate Judge.
The defendant appeals from his conviction and sentence for manslaughter by culpable negligence with a firearm. This case involves a tragic incident in which the defendant shot and killed his live-in partner's adult daughter, thinking she was a burglar.
The defendant raises as his point on appeal that the trial court erred in denying his motion to dismiss the indictment because the State failed to produce competent evidence contradicting his reasonable hypothesis of innocence.[1] Because we conclude the State demonstrated a prima facie case, we affirm.
The defendant asserts that the standard of proof in ruling on a motion to dismiss where the State's case is based entirely on circumstantial evidence requires that the evidence not only be consistent with the defendant's guilt, but also must be inconsistent with any reasonable hypothesis of innocence. The defendant argues that the State failed in its burden of presenting competent evidence inconsistent with his reasonable belief that he was acting out of fear for his life.
This Court has previously held that in order to withstand a motion to dismiss, the State need only demonstrate a prima facie case. State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984). The State is not obligated to produce evidence sufficient to sustain a conviction. State v. Bonebright, 742 So.2d 290 (Fla. 1st DCA 1998). Furthermore, if the State's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all the evidence has been presented. State v. Bonebright; State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
In determining whether the trial court erred in denying the defendant's motion to dismiss, this Court must review the particular facts presented as they relate to the elements of the criminal charge. The defendant was charged with manslaughter by culpable negligence with a firearm. § 782.07, Fla. Stat. (2002). The elements of manslaughter by culpable negligence require the State to prove the killing of a human being by an act of culpable negligence without lawful justification. § 782.07(1), Fla. Stat. (2001). Culpable negligence required to sustain a manslaughter charge must be of a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public; or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them. In re J.C.D., 598 So.2d 304, 305 (Fla. 4th DCA 1992), quoting Preston v. State 56 So.2d 543, 544 (Fla.1952).
The defense moved to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) on the basis that the defendant was legally justified in shooting the victim, Jodi Reis, at the home the defendant shared with the victim's mother. The defendant maintained that he shot Reis in the garage because he thought she was a burglar and that he was in fear for his life. The State filed a traverse which included the following circumstantial evidence of *1202 the defendant's negligence: (1) the defendant had told the victim's mother that his philosophy was to "shoot first, ask questions later"; (2) the defendant's awareness that Reis frequently stayed at her mother's house; (3) Reis knew there was a key to the back door in the garage; (4) Reis did not usually call before coming home and it was not unusual that she would come over about 1:00 or 2:00 a.m.; (5) the defendant told police he thought he "had a good one"; and (6) the defendant did not announce himself or try to give any warning even though it might have been Reis. The State maintained that whether the defendant was justified in using deadly force was a factual issue for the jury. The defendant supplemented his motion to dismiss accepting the State's additional facts. The defendant still maintained that the State failed to establish a prima facie case.
In analyzing a motion to dismiss, the trial court must determine whether the State presented sufficient evidence to set forth a prima facie case of guilt against the defendant, that there are no material disputed facts, and that the undisputed facts establish a prima facie case of guilt against the defendant. If the State has not met this burden, the defendant's motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) should be granted. See State v. Sacco, 849 So.2d 452, 454 (Fla. 4th DCA 2003); State v. Bonebright. Only where the most favorable construction to the State would not establish a prima facie case of guilt should a Rule 3.190(c)(4) motion be granted. The State can use circumstantial evidence and all inferences therefrom result in the State's favor. State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000). Ordinarily when a material factual allegation in a Rule 3.190(c)(4) motion is denied or disputed in a traverse, as in the instant case, the trial court must deny the motion to dismiss. State v. Lukas, 652 So.2d 1177, 1178 (Fla. 2d DCA 1995). However, the traverse did not necessitate denial of the motion to dismiss in the present case because the defendant filed a supplement to his motion in which he accepted the State's version of the facts as presented in the traverse resulting in there being no material disputed facts. The issue becomes whether the undisputed facts established a prima facie case against the defendant.
The State alleged facts that would establish that the defendant's fear was unreasonable, thus withstanding the motion to dismiss. The question of reasonableness was one that a trier-of-fact needed to decide by weighing the evidence presented. This evidence included that the defendant did not announce himself or try to give any warning; the defendant was aware that Reis frequently stayed at her mother's home; Reis did not usually call before coming over; and it was not unusual for Reis to come over around 1:00 or 2:00 a.m. The fact that the defendant told police that he thought that he "had a good one," and that he previously told Reis' mother that his philosophy was to "shoot first and ask questions later," raises a question of whether he had a predisposition to shoot with little regard for human life or safety of persons or reckless indifference to the rights of others.
To reiterate, based on the facts presented, a question existed as to whether the defendant reasonably believed he needed to shoot in order to save himself before even inquiring or warning the suspected intruder, since he was aware that Reis came to the house at all times of night. Whether the "castle doctrine" should apply because the defendant reasonably believed he was defending his home against a real or perceived threat which justified the use of deadly force was one for a jury. See Kelvin v. State, 610 So.2d 1359 (Fla. 1st *1203 DCA 1992). The operative question, whether the defendant's belief was reasonable, was for a trier-of-fact, the jury, under the facts of this case. These are facts that a jury should consider and give weight. The trial judge could look only to prima facie sufficiency and not evaluate evidence. State v. Cole, 710 So.2d 122 (Fla. 1st DCA 1998); State v. Bailey, 508 So.2d 1268 (Fla. 4th DCA 1987); State v. Atkinson, 490 So.2d 1363 (Fla. 5th DCA 1986); State v. Milton, 488 So.2d 878 (Fla. 1st DCA 1986); State v. Lukas; State v. Williams, 400 So.2d 1326 (Fla. 4th DCA 1981). The trial court correctly denied the motion to dismiss.
AFFIRMED.
PLEUS, J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] The defendant pled nolo contendere to the charge following denial of his motion to dismiss. The defendant reserved his right to appeal denial of the motion which the State stipulated was dispositive.