889 So.2d 857 (2004)
STATE of Florida, Appellant,
v.
Meredith Lynne SAMMONS, Appellee.
No. 4D03-5001.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant *858 Attorney General, West Palm Beach, for appellant.
Barbara J. Scheffer and Mitchell J. Beers of Mitchell J. Beers, P.A., Palm Beach Gardens, for appellee.
FARMER, C.J.
The State appeals the dismissal of an Information charging defendant with criminal child neglect. Because the State failed to Traverse the motion or in some way allege facts establishing a prima facie case, we affirm.
Her motion to dismiss stated that the following undisputed facts failed to establish a prima facie case of guilt. Shortly before 6:00 on an evening in August, defendant parked her car in front of a bar in Royal Palm Beach. She entered, sat with friends and ordered two beers, one of which she did not finish. A police officer was dispatched to the bar around 7:20 p.m. When he arrived he noticed a pick-up truck properly parked in front. He looked inside the vehicle and saw a child asleep in the front seat. Both windows were open. The child did not appear to be in any discomfort and was not crying. Defendant immediately went outside to the officer. Her speech was not slurred. She was "concerned" and complied with his instructions. The motion contended that the charge was based solely on these facts.
The State had charged defendant with one count of criminal child neglect, a third degree felony. § 827.03(3)(c), Fla. Stat. (2003). It had alleged that defendant had failed to provide her 5-year-old child with the care, supervision and services necessary to maintain the child's physical and mental health. The motion to dismiss invoked the appropriate rule. Fla. R.Crim. P. 3.190(c)(4). The state did not file a Traverse to the motion. See Fla. R.Crim. P. 3.190(d) ("The state may traverse or demur to a motion to dismiss that alleges factual matters."). Thus the facts stated under oath in the motion to dismiss constitute the whole of the factual body of the alleged crime.
At the hearing the parties stipulated that, for purposes of the motion, the child was alone in the vehicle for less than two hours. Concerned that sufficient facts had not been alleged, the trial judge offered the State an opportunity to offer additional facts. The State did not do so. Concluding that the facts alleged by the State were insufficient as a matter of law to constitute child neglect under the statute, the trial judge granted the motion and dismissed the case.
In reviewing the dismissal, we consider only the legal sufficiency of the State's case. Brinkley v. State, 874 So.2d 1199 (Fla. 5th DCA 2004) (citing State v. Bailey, 508 So.2d 1268 (Fla. 4th DCA 1987)). To make a prima facie case, the State may rely on circumstantial evidence; all inferences from facts revealed by the motion and related papers are resolved in favor of the State. State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000). The motion is well taken only if no material facts are in dispute and the most favorable construction of the undisputed facts in favor of the State would not establish a prima facie case of guilt. 758 So.2d at 112.
In filing this kind of motion under rule 3.190(c)(4), a defendant bears the burden of showing the absence of a material factual dispute and that the known facts fall short of a prima facie case of the crime charged. Kalogeropolous, 758 So.2d at 111; Fla. R.Crim. P. 3.190(c)(4). If the motion itself is not sufficient to support a dismissal, a response from the State is unnecessary and the motion may be summarily denied. State v. Pastorius, 419 So.2d 1137, 1138 (Fla. 4th DCA 1982); see also Brinkley, 874 So.2d at 1202.
*859 If the motion shows that the facts relied on by the State fail to show a prima facie case of the crime charged, the burden thereupon shifts to the State to defeat the motion by adding or subtracting facts, as the case may be, necessary to a prima facie case. Kalogeropolous, 758 So.2d at 112 ("The State need only specifically dispute a material fact alleged by the defendant or add additional material facts that meet the minimal requirement of a prima facie case."); Brinkley, 874 So.2d at 1202. We said in Pastorius, "the state must either traverse a specific material fact that is alleged in the motion or allege one or more material facts not contained in the motion." 419 So.2d at 1138. As Judge Gross succinctly added in Kalogeropolous,"[t]he rule requires a prosecutor to place material facts before the court if she wants the court to consider them in ruling on the motion." State v. Kalogeropoulos, 735 So.2d 507, 508 (Fla. 4th DCA 1999).
Here the State charged a violation of section 827.03(3)(c). That statute defines criminal child neglect as "willfully or by culpable negligence neglect [ing] a child without causing great bodily harm, permanent disability, or permanent disfigurement...." § 827.03(3)(c), Fla. Stat. (2003). Neglect is further defined as:
"a caregiver's failure or omission to provide a child with the care, supervision, and services necessary to maintain the child's physical and mental health, including ... supervision... that a prudent person would consider essential for the well being of the child."
§ 827.03(3)(a)(1). The statute makes clear that:
"[n]eglect of a child may be based on ... a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child."
§ 827.03(3)(a)(2).
Viewing defendant's motion in the State's favor, we conclude that the unchallenged facts were insufficient to demonstrate a failure to provide care or supervision necessary to the child's well being. Specifically, the facts do not demonstrate or give rise to an inference that the mother failed to supervise her child, an essential element of the crime charged. To the contrary, the undisputed facts  especially where the truck was parked and the fact that defendant herself approached the officer before he entered the bar  indicate that she was actually keeping an eye on her child rather than ignoring her. Compare State v. Wynne, 794 So.2d 642 (Fla. 2d DCA 2001) (fact that father left his child on a highway exit ramp and drove away sufficient to establish he failed to provide supervision). Without some additional facts suggesting a failure to have the vehicle and her child in sight, the State failed to show that defendant could be found guilty of creating a circumstance reasonably likely to result in serious physical injury to her child. See Arnold v. State, 755 So.2d 796, 798 (Fla. 2d DCA 2000) (State must prove that the defendant's action or omission created a "reasonably expected" potential for the child to suffer serious injury to sustain a conviction for child neglect).
The motion for dismissal was legally sufficient. See Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA 1977) (motion legally sufficient if undisputed facts negate essential element of charge). The burden shifted to the State to defeat it. The State was obligated either to dispute a specific material fact relied on by the motion or allege one or more additional material facts not contained therein. Kalogeropolous, 758 *860 So.2d at 112. The State did neither. It did not file a Traverse. It did not allege additional facts.
While the rules of criminal procedure do not make it indispensable to file a Traverse to defeat every motion to dismiss, they do provide that factual matters alleged in a rule 3.190(c)(4) motion "shall be considered admitted unless specifically denied by the state in the traverse." [e.s.] Fla. R.Crim. P. 3.190(d); State v. Georgalis, 421 So.2d 676, 676 (Fla. 4th DCA 1982) (when State failed to file Traverse, court must assume as true facts in motion to dismiss). Hence the State "must stand or fall on the bare denial that the undisputed facts [in the motion to dismiss] do not establish a prima facie case." Ellis, 346 So.2d at 1046.[1]
We appreciate the potential for danger to a child left wholly unattended in an open vehicle under most circumstances. Nonetheless, the State's case was not sufficient here because the facts did not indicate an entire lack of care or supervision by the parent. The State was required to show something beyond the fact that the child was left in the vehicle while the mother was in the building. See State v. Gale, 575 So.2d 760, 761 (Fla. 4th DCA 1991) (State must "ensure that the facts it alleged constituted a prima facie case."). To make a prima facie case, the State was required to adduce some fact tending to show that the mother had placed herself where she could not possibly have her child in view to carry out her duty to supervise and care for her. The State's case failed in that essential regard.
AFFIRMED.
GROSS J., concurs.
MAY, J., specially concurs with opinion.
MAY, J., specially concurring.
I concur with the majority only because the State failed to traverse the sworn motion to dismiss with additional facts that may have supported the charge of child neglect. Without the State's inclusion of factors in its traverse such as, e.g., the temperature on that date and at that time, the bar's location and the nature of its typical clientele, and/or information on the vicinity's crime statistics, we cannot conclude the facts may have risen to the level that "could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child." Unfortunately, none of those factors were presented to the trial court in this case.
Even without those additional factors, it should be noted that the facts stipulated to by the defendant for purposes of the motion to dismiss, would appear to have supported a charge under section 316.6135, Florida Statutes (2004), a non-criminal traffic infraction. The Information originally contained a separate count for the infraction, but the State chose to voluntarily dismiss that charge.
For these reasons, I concur.
NOTES
[1] Because the parties agreed that for purposes of the motion the child was left in the vehicle for less than two hours, we reject the State's contention that there was a dispute as to the amount of time involved.