MAY, J.
The State appeals the trial court’s dismissal of a count against the defendant for conspiracy to traffic in cocaine. It argues the trial court erred in weighing the evidence in rendering the decision and that it sufficiently established a prima facie case. We agree and reverse.
The State charged the defendant and others with trafficking in cocaine and conspiracy to traffic in cocaine. The defendant filed a motion to dismiss the conspiracy count and argued that the State could not prove an agreement between the defendant and the co-defendants to commit the offense. Specifically, the motion alleged that the facts failed to establish that the defendant was either involved in any conversations concerning the deal or had any knowledge of the co-defendant Reno Green’s existence or Green’s prior contact with the undercover officers. Rather, the evidence supported only that the defendant had been a middleman in a transaction where he acquired the drugs from a van and entered another automobile where he gave the drugs to Reno Green, who then provided them to the detective.
At the hearing on the motion to dismiss, two detectives testified. The first detective testified that he spoke to Reno Green on several occasions before the day of the transaction. Reno Green never mentioned the defendant and the detective did not know that anyone else was going to be there. Reno Green had simply referred to his supplier as “his homeboy.”
On the day of the transaction, the first detective arrived alone while a second detective conducted surveillance. Reno Green arrived in the parking lot by foot after being dropped off by a third co-defendant who was driving what would become the exchange vehicle. The defendant arrived as a passenger in a van.
The detective testified that Reno Green was on the phone with the defendant, who told Reno to meet him in the back seat of the exchange vehicle in which Reno had been a passenger. The defendant exited the front passenger seat of the van carrying a clear plastic bag of powder cocaine, and got in the back seat of the exchange car. Reno met him in the back seat where the exchange took place. Reno then left the vehicle with the same plastic bag the detective saw the defendant carry to the exchange vehicle. The detective alerted the “arrest team” and the arrests took place.
Another detective conducting surveillance also saw the defendant arrive in the second vehicle, exit that vehicle carrying a plastic bag, and enter the exchange vehicle. When Reno exited the exchange vehicle, he was carrying the plastic bag of cocaine. Another co-defendant Kevin Kendrick, who drove the exchange vehicle, gave law enforcement a statement indicating that the defendant had agreed to sell four ounces of cocaine to Reno. In a later deposition, Kendrick denied knowing anything about the defendant and admitted that, in order to receive favorable treatment, he had lied to the detective about the defendant’s involvement.
At the hearing, the trial court stated: [T]he Court will consider ... the testimony that was given by the officers versus the testimony that was given— and the Court recognizes that as a part of this decision making process, it can weigh the circumstances of the individuals who are providing the statement in determining credibility and anything else the Court needs to address.
In its order, the trial court concluded that, “having heard the testimony of each witness, having carefully observed and weighed the credibility and demeanor of each witness, [and] having read the deposi *588 tion of Kevin Kendrick,” no evidence supported the defendant’s knowledge “of the co-defendant’s plan to deliver cocaine to the undercover officers,” and there “is no evidence that the Defendant had a prior agreement with another person to commit the alleged offense, and therefore dismissal of the conspiracy count is proper.” The State timely appealed the dismissal order.
We review orders on motions to dismiss de novo. State v. Santiago, 938 So.2d 603, 605 (Fla. 4th DCA 2006). A motion to dismiss “is well taken only if no material facts are in dispute and the most favorable construction of the undisputed facts in favor of the State would not establish a prima facie case of guilt.” State v. Sammons, 889 So.2d 857, 858 (Fla. 4th DCA 2004). A “trial court may not try or determine factual issues nor consider either the weight of the conflicting evidence or the credibility of the witnesses.” State v. Hargrove, 552 So.2d 281, 282 (Fla. 4th DCA 1989).
Here, the trial court expressed both verbally and in writing that it “weighed” the evidence in rendering its decision to dismiss the conspiracy count. It did not adhere to the stringent standard of reviewing the evidence in the light most favorable to the State and resolving all inferences against the defendant. State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3rd DCA 2000). By failing to adhere to this standard, the trial court erred.
Secondarily, the trial court erred in reaching its conclusion that the State failed to establish a prima facie case to defeat the defendant’s motion to dismiss. “To make a prima facie case, the State may rely on circumstantial evidence; all inferences from facts revealed by the motion and related papers are resolved in favor of the State.... The motion is well taken only if no material facts are in dispute and the most favorable construction of the undisputed facts in favor of the State would not establish a prima facie case of guilt.” Sammons, 889 So.2d at 858 (citations omitted).
Here, a detective testified that he had numerous conversations with Reno Green about the purchase of cocaine. The detective overheard Reno Green call the defendant and tell him to meet in the back seat of Kevin Kendrick’s exchange vehicle. Two detectives saw the defendant exit the van, carrying a clear plastic bag that appeared to contain cocaine, and get into the exchange vehicle with Reno Green. The exchange took place, and Reno Green brought the same bag of cocaine to the participating detective. In addition, another co-defendant initially confirmed the defendant’s participation in the deal. This was sufficient evidence taken in the light most favorable to the State to establish a prima facie case. See Leigh v. State, 967 So.2d 1102, 1104 (Fla. 4th DCA 2007) (quoting Arguelles v. State, 842 So.2d 939, 944 (Fla. 4th DCA 2003)) (“Direct proof of the agreement is not necessary; it may be inferred from the circumstances.”).
The trial court erred by impermissibly weighing the evidence and finding that the State had failed to establish a prima facie case. For these reasons, the order of dismissal is reversed and the case remanded for reinstatement of the conspiracy to traffic in cocaine charge.

Reversed and remanded.

STONE and POLEN, JJ., concur.