MAY, J.
 

 The State appeals an order dismissing a juvenile case for battery on a detainee.
 
 [1]
 
 The State argues the court erred in dismissing the charges. We agree and reverse.
 

 
 *975
 
 The State charged the defendant with battery by a detainee in violation of sections 784.03 and 784.082, Florida Statutes (2009). The defendant filed a motion to dismiss, relying on
 
 T.C. v. State,
 
 852 So.2d 276, 276 (Fla. 1st DCA 2008), and argued that “[a]n alleged battery occurring at the hands of a juvenile detained in the juvenile detention facility cannot under the law be charged as battery by detainee.” When the trial court asked the State for case law in opposition to the motion, the State did not provide any cases for the court.
 

 Although the trial court disagreed with
 
 T.C.,
 
 without having any case law to support the charge, the trial court felt compelled to dismiss the case.
 
 See Bunkley v. State,
 
 882 So.2d 890 (Fla.2004);
 
 Pardo v. State,
 
 596 So.2d 665 (Fla.1992). The trial court urged the State to appeal, which it has.
 

 We have
 
 de novo
 
 review of this dismissal order.
 
 State v. Powell,
 
 974 So.2d 586, 588 (Fla. 4th DCA 2008).
 

 The trial court’s instinct was correct. Eleven years ago in
 
 J.A. v. State,
 
 743 So.2d 601 (Fla. 4th DCA 1999), we affirmed a trial court order adjudicating a juvenile guilty of battery upon a fellow detainee. Similarly, in
 
 J.A.D. v. State,
 
 855 So.2d 1199 (Fla. 5th DCA 2003), the Fifth District Court of Appeal reached the same conclusion. Unfortunately, the State did not provide the trial court with these opinions at the time of the hearing on the motion to dismiss. We therefore reverse and remand the case for reinstatement of the charges.
 

 Reversed and Remanded.
 

 POLEN, J., and GATES, MICHAEL L., Associate Judge, concur.
 

 [1]
 

 . While the charge arose from a juvenile case, it was handled by a felony court judge.