QUINCE, J.
Laveress Hopkins seeks review of the decision of the Fourth District Court of Appeal in State v. Hopkins, 47 So.3d 974 (Fla. 4th DCA 2010), on the ground that it expressly and directly conflicts with the decision of the First District Court of Appeal in T.C. v. State, 852 So.2d 276 (Fla. 1st DCA 2003), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. The question before us is whether the battery by detainee charge pursuant to section 784.082, Florida Statutes (2007), applies to juvenile detention centers. We answer that question in the affirmative, and find that a juvenile detention center qualifies as a “detention facility” for purposes of section 784.082. Therefore, we approve the Fourth District’s decision in Hopkins and disapprove the First District’s decision in T.C.
FACTUAL AND PROCEDURAL HISTORY
The State charged Hopkins with one count of battery by detainee in violation of sections 784.03 and 784.082, Florida Statutes (2007). At the time of the alleged offense, Hopkins was detained at the St. Lucie Regional Juvenile Detention Center. By invoking section 784.082, the battery offense was reclassified from a first-degree misdemeanor, see § 784.03(l)(b), Fla. Stat. (2007), to a third-degree felony.[1] Hopkins moved to dismiss the battery by detainee charge, contending that a juvenile could not be lawfully charged with battery by detainee while detained in a juvenile detention facility.
A hearing was held on the motion to dismiss. While Hopkins relied on the First District’s decision in T.C., which held that the battery by detainee offense under section 784.082 was inapplicable to juveniles held in juvenile facilities, the State did not rely on any case law in support of the charge. Finding section 784.082 “clear and unambiguous,” the trial court maintained that a “juvenile detention facility” was an “other detention facility” under the statute. The trial court reached this same conclusion when it read section 784.082 in pari materia with “detention center or facility,” as defined in chapters 984 and 985, to mean: “a facility used pending court adjudication or disposition or execution of court order for the temporary care of a child alleged or found to have committed a violation of law.” §§ 984.03(19), 985.03(19), Fla. Stat. (2007). In addition, the trial court found significant the language used in the preamble to chapter 96-293, which enacted section 784.082: “Whereas, with the rising incidence of crime, especially juvenile crime.... ” Ch. 96-293, preamble, § 4, Laws of Fla. (emphasis added). As noted by the trial judge, section 784.081, Florida Statutes (2007), was also created by chapter 96-293. Section 784.081 also reclassifies assaults and batteries committed against school district employees and officials, among others. § 784.081, Fla. Stat. (2007).
Notwithstanding its findings, the trial court dismissed the battery by detainee charge based on its belief that it was *472 bound to follow T.C.[2] The trial court urged the State to appeal its decision. In its written order, the trial court noted the Fourth District’s decision in J.A. v. State, 743 So.2d 601 (Fla. 4th DCA 1999), which affirmed the trial court’s order adjudicating a juvenile guilty of battery upon a fellow detainee in violation of sections 784.03 and 784.082, and the Fifth District’s decision in J.A.D. v. State, 855 So.2d 1199 (Fla. 5th DCA 2003), which affirmed the trial court’s adjudication of delinquency of battery by detainee pursuant to section 784.082.[3] However, the trial court declined to follow J.A. and J.A.D. because T.C. “seem[ed] to be on point and controlling.”
The State appealed the trial court’s order granting Hopkins’ motion to dismiss. State v. Hopkins, 47 So.3d 974 (Fla. 4th DCA 2010). The Fourth District reversed and remanded the case for reinstatement of the battery by detainee charge, noting that in the past it, in J.A., as well as the Fifth District in J.A.D, had “affirmed a trial court order adjudicating a juvenile guilty of battery upon a fellow detainee.” Id. at 975.
ANALYSIS
The question before this Court is whether the language “detention facility” as used in section 784.082 includes juvenile detention centers. As the issue presented is one of statutory interpretation, the standard of review is de novo. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 194 (Fla.2007). Hopkins argues that the trial court below properly dismissed the charge in reliance on T.C.,[4] which according to Hopkins, was a decision grounded on the rule of lenity. See § 775.021(1), Fla. Stat. (2007). On the other hand, the State contends that a juvenile who commits a battery while detained in a juvenile detention facility may be properly charged with battery by detainee under section 784.082.
Juvenile detention centers are facilities used “pending court adjudication or disposition or execution of court order for the temporary care of a child alleged or found to have committed a violation of law.” See § 985.03(19), Fla. Stat. (2007); see also § 985.03(46), Fla. Stat. (2007) (defining “[sjecure detention center or facility” as a “physically restricting facility for the temporary care of children, pending adjudication, disposition, or placement”). On October 1, 1996, the Florida Legislature enacted section 784.082, which provides as follows:
Whenever a person who is being detained in a prison, jail, or other detention facility is charged with committing an assault or aggravated assault or a battery or aggravated battery upon any visitor to the detention facility or upon any other detainee in the detention facility, the offense for which the person is charged shall be reclassified as follows:
*473 (1) In the case of aggravated battery, from a felony of the second degree to a felony of the first degree.
(2) In the case of aggravated assault, from a felony of the third degree to a felony of the second degree.
(8) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
(4) In the case of assault, from a misdemeanor of the second degree to a misdemeanor of the first degree.
§ 784.082, Fla. Stat. (2007) (emphasis added); see also ch. 96-298, §§ 4, 8, Laws of Fla.
Although the term “detention facility” is undefined in chapter 784, “detention center or facility,” is defined in chapter 985, which is titled “Juvenile Justice; Interstate Compact on Juveniles,” to mean:
a facility used pending court adjudication or disposition or execution of court order for the temporary care of a child alleged or found to have committed a violation of law. A detention center or facility may provide secure or nonsecure custody. A facility used for the commitment of adjudicated delinquents shall not be considered a detention center or facility.
§ 985.03(19), Fla. Stat. (2007); see also § 984.03(19), Fla. Stat. (2007) (supplying the same definition for “detention center or facility”). By its own terms, the “detention center or facility” definition appearing in both chapters 984 and 985 is limited to each respective chapter. See § 984.03, Fla. Stat. (2007) (<cWhen used in this chapter... .”); § 985.03, Fla. Stat. (2007) (“As used in this chapter.... ”).[5]
In construing section 784.082, we begin with the actual language in the statute because “legislative intent is determined primarily from the statute’s text.” See Heart of Adoptions, Inc., 963 So.2d at 198. In Koile v. State, 934 So.2d 1226 (Fla.2006), we explained:
When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. In such instance, the statute’s plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent.
Id. at 1230-31 (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64-65 (Fla.2005) (internal citation omitted)). Courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)).
Section 784.082 applies to a “person,” i.e., adults as well as juveniles. § 784.082, Fla. Stat. (2007). Further, the detainee *474 must be detained in a “prison, jail, or other detention facility.” § 784.082, Fla. Stat. (2007) (emphasis added). We find the statute clear and unambiguous, and thus, the statute’s plain and ordinary meaning controls. The plain and ordinary meaning of “detention facility” must undoubtedly include the temporary detention of juveniles in juvenile detention centers “pending court adjudication or disposition or execution of court order for the temporary care of a child alleged or found to have committed a violation of law.” See § 985.03(19), Fla. Stat. (2007). This construction is also in keeping with the Legislature’s use of the term “jail.” A “jail” is a detention center used by local governments for persons who are awaiting trial or have been convicted of misdemeanors. See Black’s Law Dictionary 910 (9th. ed. 2009).
This interpretation does not lead to an unreasonable result or a result clearly contrary to legislative intent where the Legislature intended to make penalties more severe when assaults and batteries are committed in jails, prisons, or other detention facilities. Conversely, construing the statute as to exclude juvenile detention centers would clearly limit its “reasonable and obvious implications.” See Holly, 450 So.2d at 219. By not limiting section 784.082 to only jails and prisons, the Legislature intended to expand the facilities subject to the statute. Had the Legislature intended to exclude juvenile detention centers from the scope of section 784.082, it would have said so. See Am. Bankers Life Assurance Co., 212 So.2d at 778 (“Had the legislature intended the statute to import a more specific and definite meaning, it could easily have chosen words to express any limitation it wished to impose.”).
Furthermore, the trial judge recognized that chapter 96-293, which created section 784.082, included “juvenile crime” in the preamble. Ch. 96-293, preamble, § 4, Laws of Fla. This legislative statement to address juvenile crime supports our conclusion that the plain and ordinary meaning of “detention facility” encompasses juvenile detention centers. See Holly, 450 So.2d at 219 (“The preamble and language of [an] enactment readily reveal[s] the legislature’s intent and its policy reasons.”).

Related Statutory Provisions

Even assuming arguendo that we were required to resort to rules of statutory construction to ascertain the legislative intent, our conclusion — that section 784.082 applies to juvenile detention centers — remains the same. “The doctrine of in pari materia is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.” Fla. Dep’t of State v. Martin, 916 So.2d 763, 768 (Fla.2005). For this analysis, we discuss three other battery statutes contained in chapter 784. See §§ 784.076, 784.085, 784.078, Fla. Stat. (2007).
Pursuant to section 784.076, “A juvenile who has been committed to or detained by the Department of Juvenile Justice pursuant to a court order, who commits battery upon a person who provides health services commits a felony of the third degree. ...” § 784.076, Fla. Stat. (2007) (emphasis added).[6] Exactly one year after the enactment of section 784.076 — which was expressly restricted to juveniles — the Legislature, in enacting section 784.082, decided against being so restrictive by using the word “person.” See ch. 95-267, § 57, *475 Laws of Fla. In addition, the Legislature excepted children from being prosecuted under section 784.085, which states that “any person, except a child ... [who] knowingly cause[s] or attempts] to cause a child to come into contact with” certain fluids or materials thereby commits a battery of a child, a third-degree felony. § 784.085(1),(2), Fla. Stat. (2007) (emphasis added).
Under section 784.078, Florida Statutes (2007), the battery of a facility employee, a third-degree felony, occurs when
any person, while being detained in a facility and with intent to harass, annoy, threaten, or alarm a person in a facility whom he or she knows or reasonably should know to be an employee of such facility ... cause[s] or attempts] to cause such employee to come into contact with [specified fluids or materials].
§ 784.078(3)(a), (b), Fla. Stat. (2007) (emphasis added). In the same statute, the Legislature defined the type of facilities as:
a state correctional institution defined in s. 944.02(6); a private correctional facility defined in s. 944.710 or under chapter 957; a county, municipal, or regional jail or other detention facility of local government under chapter 950 or chapter 951; or a secure facility operated and maintained by the Department of Corrections or the Department of Juvenile Justice.
§ 784.078(1), Fla. Stat. In section 784.082, the Legislature did not find it necessary to define “other detention facility.” Unlike the statutes referred to above, the Legislature did not indicate in section 784.082 that it should have limited application. Our conclusion that the Legislature intended for section 784.082 to apply to juvenile detention centers is confirmed when reading section 784.082 in pan materia with other battery statutes found in chapter 784.

Rule of Lenity

Hopkins relies on the rule of lenity in support of his position that section 784.082 does not include juvenile detention centers. The rule of lenity, codified in section 775.021(1), Florida Statutes (2007), provides that, “[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (2007). Because section 784.082 is unambiguous and not subject to differing reasonable constructions, we conclude that the rule of lenity is inapplicable. See Nettles v. State, 850 So.2d 487, 494 (Fla.2003).
CONCLUSION
We therefore approve the Fourth District’s decision in Hopkins, and disapprove the First District’s decision in T.C.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.

. Section 784.082 provides: "Whenever a person who is being detained in a prison, jail, or other detention facility is charged with committing ... a battery ... upon any visitor to the detention facility or upon any other detainee in the detention facility,” such offense shall be reclassified as a third-degree felony. § 784.082, Fla. Stat. (2007).

. The trial judge found that there were no other district court decisions on point other than T.C. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) ("[I]n the absence of interdis-trict conflict, district court decisions bind all Florida trial courts.”).

. The Fourth District in J.A. remanded the case so that the disposition order could properly state that the adjudication of delinquency occurred after a hearing, instead of a guilty plea. 743 So.2d at 601. Because there was a scrivener’s error contained in the disposition order in J.A.D., the district court remanded the case for correction thereof. 855 So.2d at 1199.

.In T.C., the First District reversed a juvenile’s adjudication of delinquency for battery by detainee which occurred while the juvenile was detained in a juvenile detention center. 852 So.2d at 276. The First District found that "[njothing in section 784.082 indicate[d] that the statute applie[d] to juveniles held in juvenile facilities.” Id.

. Unlike in section 784.082, the Legislature opted to include the specific references to sections 984.03 and 985.03 in section 784.075:
A person who commits a battery on a juvenile probation officer, as defined in s. 984.03 or s. 985.03, on other staff of a detention center or facility as defined in s. 984.03(19) or s. 985.03, or on a staff member of a commitment facility as defined in s. 985.03, commits a felony of the third degree .... For purposes of this section, a staff member of the facilities listed includes persons employed by the Department of Juvenile Justice, persons employed at facilities licensed by the Department of Juvenile Justice, and persons employed at facilities operated under a contract with the Department of Juvenile Justice.
§ 784.075, Fla. Stat. (2007) (emphasis added). Notably, section 784.075 went into effect on May 15, 1993, and therefore, prior to the Legislature’s enactment of section 784.082. See ch. 93-230, § 13, Laws of Fla.

. "Health services” under section 784.076 is defined as "preventive, diagnostic, curative, or rehabilitative services and includes alcohol treatment, drug abuse treatment, and mental health services.” Id.