PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has proposed the following new criminal jury instruction for publication and use: 8.21 ([Assault] [Aggravated Assault] [Battery] [Aggravated Battery] by a Detainee Upon [Another Detainee] [a Visitor]). We have jurisdiction. See art. V, § 2(a), Fla. Const.
Previously, the Committee published a prior version of the proposal in the April 30, 2011, edition of The Florida Bar News. No comments were received and the Committee filed its proposal in Case No. SC11-1313. The proposal to amend instruction 8.21 was severed from the earlier case when the Court subsequently requested that the Committee reconsider its proposal in light of the Court’s September 13, 2012, decision in Hopkins v. State, 105 So.3d 470 (Fla.2012).[1] See In re Standard Jury Instructions in Criminal Cases—Report No. 2011-03, 95 So.3d 868, 868-69 (Fla.2012). The Court published the Committee’s updated proposal in the March 15, 2013, edition of The Florida Bar News. No comments were received.
The Committee proposes new instruction 8.21 because an instruction for the offense of assault or battery, or aggravated assault or aggravated battery, by a detainee upon another detainee or a visitor, under section 784.082, Florida Statutes (2012), does not currently exist. The instruction tracks the language of the statute. It also refers the reader to the applicable portions of the instructions for assault, battery, aggravated assault, and aggravated battery, because those crimes can be committed in multiple ways — e.g., battery can be committed by an intention *249 al touching or by intentionally causing bodily harm. For lesser-included offenses, the instruction directs the reader to the relevant instruction, i.e., assault, aggravated assault, battery, or aggravated battery, for the appropriate lesser-included offenses.
Accordingly, we hereby authorize the publication and use of new instruction 8.21, set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining. The instruction as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
8.21 [ASSAULT] [AGGRAVATED ASSAULT] [BATTERY] [AGGRAVATED BATTERY] BY A DETAINEE UPON [ANOTHER DETAINEE] [A VISITOR]
§ 784.082, Fla. Stat.
To prove the crime of (insert crime), the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was detained in a [prison] pail] [detention facility],
2. At the time, (defendant) committed [an assault] [an aggravated assault] [a battery] [an aggravated battery] against (victim).
3. (Victim) was a [detainee] [visitor] in that facility.
Give as applicable.
An assault is legally defined as (insert applicable portions of instruction 8.1 ).
An aggravated assault is legally defined as (insert applicable portions of instruction 8.2).
A battery is legally defined as (insert applicable portions of instruction 8.3).
An aggravated battery is legally defined as (insert applicable portions of instruction 8.4 and/or 84(a) )•
Lesser Included Offenses
See relevant instructions on offenses in element 2 for appropriate lesser-included offenses.
Comment
This instruction was adopted in 2013.

. In Hopkins, the Court held that section 784.082 of the Florida Statutes (2007) applied to juveniles detained in juvenile facilities. 105 So.3d at 475.